## DEAL v MENKE

Common Pleas Court, Hamilton Co

Decided May 17, 1939

E. C. Hauer and R. C. Richardson, of Cincinnati, for plaintiff.

Ragland, Dixon & Murphy, and Heilker & Heilker, of Cincinnati, for defendant.

### OPINION

By SCHWAB, J.

The plaintiff in this case heretofore, in March 1932, recovered a judgment in Florida against the defendant in an action brought to foreclose a mortgage on real estate, located in the state of Flor-

ida, which the defendant had purchased from the plaintiff in 1925. This action was brought in this court on two promissory notes, being two remaining unpaid notes given by defendant and secured by the mortgage referred to above. At the time this action was brought there was due on these notes as principal and interest the sum of $21,019.57, and judgment in that amount, with interest at 8% from May 2, 1932, was rendered in favor of the plaintiff in this court.

Following the rendition of this judgment in this court the plaintiff instituted this proceeding in aid of execution, and in addition thereto filed two suits in the Common Pleas Court of Hamilton county, one seeking to set aside the transfer of certain shares of stock in the American Paper & Wooden Ware Company, which the defendant Menke had allegedly made to his wife and children on or about the 16th day of February, 1927, when the plaintiff claims that Menke was insolvent, and that such transfers were made to hide and conceal his property, and to delay, hinder and defraud plaintiff and other creditors. This action is still pending in this court.

In the second action the plaintiff sought to set aside the transfer of certain real estate and shares of stock in the American Paper & Wooden Ware Company on or about the 20th day of November, 1931. This case was tried before another member of this court and judgment was rendered in favor of the defendant.

The question now before this court is in connection with the proceeding in aid of execution, and the request of the plaintiff that certain premiums paid on certain life insurance policies now in force upon the life of the defendant Menke should be set aside and applied as a credit on the plaintiff's judgment.

There are four policies in question,—two with the Northwestern Mutual Life Insurance Company for the sum of $5,000 each, dated December 30, 1915, on the life of the defendant, with his wife and children as the beneficiaries; another policy with the Northwestern Mutual Life Insurance Company on the life of the defendant, in the sum of $10,000. This policy is dated February 9, 1920, and the beneficiaries are the wife and children of the defendant.

The fourth policy is with the Bankers Life Company, and provides for the payment of $4,000 to beneficiaries, the wife and children of defendant, upon the death of the defendant. It also has a provision that if defendant lives twenty-two years, he may elect to receive the sum of $2,000 in the nature of an endowment. This policy is dated January 13, 1927.

Sec. 9394, GC, is called to the court's attention in connection with this question. It reads as follows:

"All contracts of life or endowment insurance or annuities upon the life of any person, or any interest therein, which may hereafter mature, and which have been or shall be taken out for the benefit of, or made payable, by change of beneficiary, transfer or assignment to, the wife or children, or any relative dependent upon such person, or any creditor, or to the trustee for the benefit of such wife, children, dependent relative or creditor, shall be held, together with the proceeds or avails of such contracts, subject to a change of beneficiary if desired. free and clear from all claims of the creditors of such insured persons or annuitants; provided, that, subject to the statute of limitations, the amount of any premium upon said contracts, endowments or annuities paid in fraud of creditors, with interest thereon, shall inure to their benefit from the proceeds of the contracts, but the company issuing any such contract shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless, before such payment, written notice is given to it by a creditor, specifying the amount of his claim and the premiums which ne alleges have been so fraudulently paid."

There is no contention on the part of

the plaintiff that all the proceeds of these insurance policies must be subjected to the payment of the judgment heretofore rendered in .favor of the plaintiff, the plaintiff's contention being that the premiums on these policies paid by the defendant during the period of his insolvency, under the provisions of this section, may be reached out of the cash surrender value or loan value of these policies.

No case in Ohio construing this section as to this specific question has been cited, nor has the court been able to find any such decision.

It will be observed in reading the statute that it provides:

"All contracts of life or endowment insurance * * * shall be held, together with the proceeds or avails of such contracts, subject to a change of beneficiary if desired, free and clear from all claims of the creditors of such insured person or annuitants."

It is freely admitted by counsel for the plaintiff that the term "proceeds or avails" as used herein would include the loan or cash surrender value of the policy, and it is the next provision of the statute:

"subject to the statute of limitations, the amount of any premium upon said contracts, endowments or annuities paid in fraud of creditors, with interest thereon, shall inure to their benefit from the proceeds of the contracts."

that involves the point to be decided by this court, it being the contention of the plaintiff that the term "proceeds of the contract" refers to loan or cash surrender value of the contracts, as well as the money due on such contracts upon the death of the insured.

It is represented to the court that the plaintiff has given the written notice required in the last sentence of the section to the insurance companies involved concerning the claim of the plaintiff with reference to the premiums which she claims were paid in fraud of creditors.

It appears further from the evidence in this case that the premiums in question included dividends on such policies which reduced the actual cash expended by the defendant, and it is the contention of the plaintiff that the entire premium, undiminished by the dividends of the policy, can be reached by the creditor.

The court is of the opinion that only the cash actually spent in keeping the policies alive can be secured, if it be shown that they were made in fraud of creditors.

In the opinion of this court the legislature in the enactment of §9394, having used the terms "proceeds" and "avails" in one portion of the section, holding that the policies enumerated in the section were to be free from the creditors, and providing that the premiums could be reached under certain circumstances and were to be paid out of the proceeds of the policy, had in mind a distinction between the "proceeds" of the policy, and the "proceeds and avails" of the policy.

The court therefore reaches the conclusion that it was the intent of the legislature on life insurance policies to limit the recovery of premiums paid in fraud of creditors to the funds arising upon the maturity of the contract, and in so doing sought to protect the wife and children of the insured. This fund may arise by the insured voluntarily accepting the cash surrender of the policies or upon the death of the insured.

The question of the solvency or insolvency of the defendant at the time the various premiums were paid still being in issue in the case now pending in this court, above referred to, wherein the plaintiff seeks to set aside certain stock transfers, and it being necessary to determine the question of solvency or insolvency in order to determine what premiums, if any, were paid in fraud of creditors, the court in this proceeding will postpone the determination of the question of what premiums the plaintiff is entitled to under this

interpretation of §9394 until the suit above referred to is tried.